# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FANDERSON JESUS UZCATEGUI
RODRIGUEZ,

    Petitioner,

v.                                                                  Case No. 6:26-cv-183-RBD-DCI

LOUIS A. QUINONES, JR.; ICE/U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT; ICE FIELD
OFFICE DIRECTOR, ORLANDO
FIELD OFFICE; and UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY,

    Respondents.
_____

## ORDER AND INJUNCTION

Before the Court is Petitioner Fanderson Jesus Uzcategui Rodriguez's Petition for Writ of Habeas Corpus (Doc. 1) and Motion for Temporary Restraining Order. (Doc. 2.)

Given the Government's response (Doc. 5) acknowledging that the legal issues in this case are identical to those in *Guaiquire v. Quinones*, Case No. 6:26-cv-169, the Court need not hold a hearing for the purpose of judicial economy. *See* Fed. R. Civ. P. 1 ("[The rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

determination of every action and proceeding."). The Court finds that Petitioner has shown a likelihood of success on the merits sufficient to justify the issuance of an injunction because Respondents are illegally detaining Petitioner under 8 U.S.C. § 1225. The Court further finds irreparable injury, and that the balance of equities and the public interest weigh in Petitioner's favor.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) for a writ of habeas corpus is **GRANTED**.

2. The motion for temporary restraining order (Doc. 2) is **GRANTED**.

3. The Court **INCORPORATES BY REFERENCE** the reasoning in its order in *Gimenez Rivero v. Mina*, Case No. 6:26-cv-66, Doc. 15.

4. Respondents Louis A. Quinones, Jr., ICE/U.S. Immigration and Customs Enforcement, the ICE Field Office Director of the Orlando Field Office, and the U.S. Department of Homeland Security, and all other persons or entities acting in active concert or participation with them, are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225. Respondents are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner Fanderson Jesus Uzcategui Rodriguez under 8 U.S.C. § 1226(a) until at least **Monday, February 9, 2026**. Should Respondents elect to later detain him under that statute after that date,

       Respondents are **DIRECTED** to release him within ten days of his detainer unless he is provided with a bond hearing before an immigration judge during that ten-day period. If he is redetained and released, Respondents must facilitate his transportation from the detention facility by notifying his counsel of the time and place where he may be collected.

5. No security bond is required for this injunction as the Court deems it unnecessary.

6. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

7. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents and then to close the file.

8. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained and deprived of a timely hearing but not released as ordered herein, he may move to reopen this case without opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

9. If Petitioner is not currently in the Orange County Jail, Respondents are **DIRECTED** not to release Petitioner until further order; if that is the case, Respondents are **DIRECTED** to show cause by written

response before **Monday, February 2nd** why they should not be held in contempt for violating the Court's prior Order not to move Petitioner out of the Orange County Jail. (Doc. 4.)

10. Once Petitioner is released from the Orange County Jail, Petitioner's counsel is **DIRECTED** to file a notice within 24 hours confirming release.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 29, 2026.



ROY B. DALTON, JR.
United States District Judge

4